UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALEXANDER KATES,

                               Petitioner,              DECISION AND ORDER

-vs-

                                                     20-CV-6593 (CJS)

NEW YORK STATE,

                               Respondent.

_____

      Petitioner Alexander Kates ("Kates") filed *pro se* the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2011 conviction in the Monroe County (N.Y.) Court for attempted criminal possession of a weapon in the second degree. Am. Pet., Aug. 20, 2020, ECF No. 3. The matter is presently before the Court on two motions. Respondent New York State ("Respondent") has moved to dismiss Kates' habeas application, arguing that this Court lacks subject matter jurisdiction to hear Kates' claims because he is no longer "in custody" upon the conviction he is challenging. Resp. Mem. of Law, 3, Feb. 4, 2021, ECF No. 13-2. Kates opposes Respondent's motion, and has filed a motion to consolidate the instant habeas application with a habeas petition that he has filed to challenge a 2015 conviction for kidnapping in an entirely separate incident. Mot. to Consolidate, Mar. 29, 2021, ECF No. 17. For the reasons discussed below, Respondent's motion to dismiss is granted and Kates' motion to consolidate is denied.

BACKGROUND

      In July 2011, Kates pled guilty in the Monroe County (N.Y.) Court to one count of attempted criminal possession of a weapon in the second degree, a class D felony under New York law, and one count of violation of probation. Ex., 19–20, Aug. 20, 2020, ECF No. 3-2.

1

In September of 2011, Kates was sentenced to a determinate term of two years imprisonment and two years of post-release supervision on the weapons charge, and a concurrent term of one year imprisonment on the probation charge. Ex. at 39. Kates' post-release supervision was scheduled to expire on April 23, 2015. *See* Inmate Lookup, D.I.N. "11B3012," http://nysdoccslookup.doccs.ny.gov (last visited Apr. 20, 2021).

Kates' amended petition indicates that he did not file a direct appeal of his 2011 conviction, but did file a motion pursuant to § 440.10 of the New York Criminal Procedure Law with the trial court, in 2012, to vacate his conviction on the basis of the ineffective assistance of counsel. Am. Pet., 3, Aug. 20, 2020, ECF No. 3. That motion was denied. *Id.* Kates' amended petition further indicates that Kates filed a second § 440.10 motion in 2018, but that motion, too, was denied. *Id.* at 4. In 2019, the trial court denied Kates' motion to reconsider its decision on his 2018 § 440.10 motion. *Id.* at 5.

The appellate division of the New York Supreme Court denied Kates leave to appeal the trial court's denial of his second § 440.10 motion, and the New York Court of Appeals denied Kates leave to appeal the appellate division's decision. *Id.* at 5–6. Kates then filed a writ of error coram nobis seeking leave to file and serve a late notice of appeal from his 2011 conviction, which was denied, as well. *People v. Kates*, No. KA 19-00657 INDICTMNT, 2019 WL 2128066 (N.Y. App. Div. May 15, 2019). The Court of Appeals denied Kates leave to appeal the appellate division's decision. *Id.* at 7. It appears that Kates also sought various other forms of relief from New York state courts and the United States Supreme Court, all of which were denied.[1] *Id.* at 8–13.

---

[1] Additionally, in 2019, Kates asked this Court to vacate his 2011 conviction via a Motion for Miscellaneous Relief in an action he commenced pursuant to 42 U.S.C. § 1983 against the Greece Police Department for alleged constitutional violations during his arrest and prosecution in the 2015 conviction. Order, Case No.

According to records from the New York Department of Corrections and Community Supervision, Kates was released from prison on April 23, 2013, but remained on post-release supervision. Thereafter, the following occurred:

> On April 14, 2015, while still on post-release supervision [for the 2011 conviction], [Kates] pleaded guilty to Kidnapping in the Second Degree in an unrelated matter . . . . He was adjudicated a second violent felony offender based on the aforementioned guilty plea [in 2011] to Attempted Criminal Possession of a Weapon in the Second Degree, and sentenced to a prison term of sixteen years to be followed by five years of post-release supervision . . . . In September 2019, [Kates] challenged that judgment in a habeas petition that . . . . is pending before this Court.

Resp. Aff., ¶ 6, Feb. 4, 2021, ECF No. 13-1 (internal citations to Kates' petition for habeas relief in case number 6:19-cv-6647, also pending before this Court, were omitted).

On August 20, 2020, Kates filed *pro se* the instant amended habeas petition, challenging his 2011 conviction for attempted criminal possession of a weapon in the second degree. Along with his amended petition, Kates filed several documents related to his 2011 conviction, including the plea hearing and sentencing hearing. Ex. at 10–23, 31–43. On February 4, 2021, Respondent filed a motion to dismiss based on lack of jurisdiction. Kates responded in opposition, supplemented his response, and ultimately filed the motion to consolidate that is also presently before the Court. Resp., Mar. 5, 2021, ECF No. 15; Supp. Resp., Mar. 10, 2021, ECF No. 16; Mot. to Consolidate, Mar. 29, 2021, ECF No. 17.

## MOTION TO DISMISS

The Court is in possession of the papers submitted by both Kates and Respondent, including transcripts of the 2011 plea hearing and sentencing hearing submitted by Kates. After a full review of these documents, as well as the thorough procedural history provided

---

6:16-CV-6554, Apr. 9, 2019, ECF No. 38. The Court denied Plaintiff's motion. *Id.*

in Kates' amended petition, the Court finds that an evidentiary hearing is not necessary in this case. Because Kates is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Respondent argues that Kates' petition should be dismissed because Kates is no longer "in custody" for the 2011 conviction that he challenges. Resp. Mem. of Law, 3, Feb. 4, 2021, ECF No. 13-2. That is, Respondent maintains that "[b]ecause [Kates'] sentence on the conviction that he challenges here expired more than five years before he filed the instant petition, [Kates] has not met the 'in custody' requirement, and this Court must dismiss the petition for want of jurisdiction." Resp. Mem. of Law at 4.

Legal Standard

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is only available to "a person in custody pursuant to the judgment of a State court," and only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The "in custody" requirement is "[t]he first showing a § 2254 petitioner must make." *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The Second Circuit has characterized this statutory "in custody" requirement as jurisdictional, and therefore mandatory and non-waivable. *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) (discussing the "in custody" requirement of 28 U.S.C. § 2241, § 2254, and § 2255) (citation omitted).

It is well-settled that the "in custody" requirement is "designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (quoting *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.*, 411 U.S. 345, 351 (1973) (internal quotation marks omitted)). The "in

4

custody" requirement may be satisfied by the "actual, physical custody" of incarceration (*Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963)), as well as more moderate forms of restraint such as post-release supervision that admits of the possibility of revocation and additional jail time. *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (citation omitted). *See also Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) (holding a one-year conditional discharge requiring performance of one day of community service to be a sufficient restraint on liberty to satisfy the statutory requirement because it required petitioner's physical presence at particular times and locations).

However, a habeas petitioner does not satisfy the "in custody" requirement if the sentence imposed for his conviction has "fully expired" at the time his petition is filed. *Alaska v. Wright*, No. 20-940, 593 U.S. __, 2021 WL 1602608, at *1 (Apr. 26, 2021) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)). Further, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492. In other words, a federal court does not have jurisdiction to consider a habeas petitioner's challenge to a conviction for which the sentence has fully expired. *See Calaff v. Capra*, 714 F. App'x 47, 49–51 (2d Cir. 2017).

Application to Kates' Petition

As indicated above, Respondent maintains that Kates' habeas petition challenging his 2011 conviction for attempted criminal possession of a weapon must be dismissed because Kates' sentence was fully expired by the time Kates filed his petition. Kates raises

several arguments in opposition to Respondent's motion.[2] After a thorough review of the papers in this matter, the Court concludes that it does not have jurisdiction to hear Kates' claims regarding his 2011 conviction.

In the case of *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403–04. At the time, the majority of the Justices recognized a general exception to the rule in *Lackawanna* where "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. "Three Justices also recognized the possibility of two additional exceptions: 1) where a state court, 'without justification, refused to rule on a constitutional claim that has been properly presented to it,' or 2) '. . . a defendant [has]

---

[2] Kates opposes Respondent's motion on six grounds: (1) that his 2011 conviction was not just used to "enhance" his sentence for his 2015 conviction, but that his 2015 conviction was actually "secured by" the 2011 conviction challenged here; (2) that his case is distinguishable from clearly established federal law because his case is based on a plea; (3) that he was threatened by the trial court hearing his 2015 charges to acknowledge the 2011 conviction he challenges here; (4) that even if he is not "in custody" for habeas purposes, he has Article III standing to bring this action; (5) that the "savings clause" in 28 U.S.C. § 2255(e) should operate to convert his motion under § 2254 to a petition under § 2241; and (6) that, under the Supreme Court's decision in *Garlotte v. Fordice*, 515 U.S. 39 (1995), the fact that the vacation of his 2011 conviction would advance his release date on the 2015 convictions is enough to permit him to "invoke the Great Writ." Suppl. Resp., 5, Mar. 10, 2021, ECF No. 16 (quoting *Garlotte*, 515 U.S. at 47). The Court has considered all of the foregoing arguments, liberally construing them in the light most favorable to Kates, and finds no merit in any of them. In particular, two cases upon which Kates relies heavily, *Dhinsa* and *Garlotte*, involve prisoners in custody upon consecutive sentences imposed at the same time, which the Supreme Court has said should be "comprehended as composing a continuous stream." *Garlotte* at 41; *Dhinsa*, 917 F.3d at 79. By contrast, Kates here challenges a judgment imposed nearly five years prior to the judgment imposed for entirely separate conduct upon which he is presently in custody.

obtained compelling evidence that he is actually innocent of the crime for which he was convicted . . . ." *Singleton v. Lee*, No. 11-CV-6157, 2012 WL 1301268, at *4 (W.D.N.Y. Apr. 16, 2012) (quoting *Lackawanna*, 532 U.S. at 405)).

In his amended petition in the present action, Kates presents a thorough procedural history which reveals that he has exhausted his vehicles for direct appeal and collateral attack of the particular issues he raises in the instant habeas application. *See* Am. Pet. at 3–35. Moreover, Kates was represented by counsel at both the plea hearing and sentencing hearing, and the transcripts of those hearings show that Kates' assertion that he is "factually and legally and actually" innocent of the charge upon which he was convicted is without merit. *See* Ex. at 13–19 (Kates admitting to possession of a loaded firearm and to having sufficient time to discuss his plea with his counsel, and declining to challenge the statutory presumption under New York Penal Law § 265.15 that "the possession by any person of any . . . other weapon . . . made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another."). Accordingly, the Court finds that Kates' habeas petition is barred by the doctrine set forth in *Lackawanna*, and Respondent's motion to dismiss must be granted. *See, e.g., Singleton*, 2012 WL 1301268, at *4 (finding petitioner's habeas claim was barred by the rule of *Lackawanna* where he did not claim that his conviction is still open to direct or collateral attack, did not allege the state court failed to appoint him counsel, and did not provide compelling evidence of actual innocence).

## MOTION TO CONSOLIDATE

In addition to opposing Respondent's motion to dismiss, Kates has moved the court to consolidate the instant habeas petition attacking his 2011 conviction for attempted

7

criminal possession of a weapon with the separate habeas petition he has filed to challenge his 2015 conviction for kidnapping. Kates moves the Court to consolidate his challenges to the 2011 and the 2015 convictions, respectively, because "there are common questions of law and fact in both petitions, and if one is resolved favorably while the other is not there will be inconsistencies . . . ." Mot. to Consolidate, 3, Mar. 29, 2021, ECF No. 17. Further, he states that the basis for his challenges to the 2015 petition "can only be accomplished by analyzing the 2011 conviction . . . ." *Id.*

However, the Court does not have the authority to grant Kates' motion to consolidate. As noted previously, a federal court does not have jurisdiction to consider a habeas petition if the sentence imposed for the petitioner's conviction has "fully expired" at the time the petition is filed. *Maleng*, 490 U.S. at 492. For the reasons stated above, the Court finds that the sentence imposed for Kates' 2011 conviction was "fully expired" at the time he filed his petition, and hence that he was no longer "in custody" upon the 2011 conviction for habeas purposes. Joining Kates' challenge of the expired 2011 conviction with a challenge to the 2015 conviction for which he is in custody does not confer jurisdiction on the Court to review the validity of the expired conviction. Consequently, the Court has no jurisdiction to hear Kates' claims attacking his 2011 conviction. *See Ellis v. Dretke*, 456 F. Supp.2d 421, 424 (W.D.N.Y. 2006). Kates' motion for consolidation [ECF No. 17] is, therefore, denied.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Respondent's motion to dismiss Kates' habeas application for lack of jurisdiction [ECF No. 13] is granted; and it is further

ORDERED that Kates' motion to consolidate cases [ECF No. 17] is denied.

8

Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Kates has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is hereby ordered to close this case.

SO ORDERED.

Dated:     April 30, 2021
           Rochester, New York

ENTER:

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge