UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALEXANDER KATES,

                Petitioner,                  DECISION AND ORDER

vs.

                                     20-CV-6593 (CJS)

NEW YORK STATE,

                Respondent.

_____

This matter is now before the Court on Petitioner Alexander Kates' motion for reconsideration of the Court's order granting Respondent New York State's motion to dismiss Petitioner's application for habeas relief. Mot. for Recons., May 12, 2021, ECF No. 21. Respondent opposes Petitioner's application. Resp., Sept. 8, 2021, ECF No. 27. For the reasons stated below, Kates' motion for reconsideration [ECF No. 21] is denied.

BACKGROUND

The Court assumes the reader's familiarity with the underlying facts and procedural history of this case, as it was more fully set forth in the Court's decision granting Respondent's motion to dismiss. *See Kates v. New York State*, No. 20-CV-6593 (CJS), 2021 WL 1720824, at *1 (W.D.N.Y. Apr. 30, 2021). Therein, the Court explained:

> In July 2011, Kates pled guilty in the Monroe County (N.Y.) Court to one count of attempted criminal possession of a weapon in the second degree, a class D felony under New York law, and one count of violation of probation. Ex., 19–20, Aug. 20, 2020, ECF No. 3-2. In September of 2011, Kates was sentenced to a determinate term of two years imprisonment and two years of post-release supervision on the weapons charge, and a concurrent term of one year imprisonment on the probation charge. Ex. at 39. Kates' post-release supervision was scheduled to expire on April 23,

1

2015. *See* Inmate Lookup, D.I.N. "11B3012," http://nysdoccslookup.doccs.ny.gov (last visited Apr. 20, 2021).

* * *

According to records from the New York Department of Corrections and Community Supervision, Kates was released from prison on April 23, 2013, but remained on post-release supervision. Thereafter, the following occurred:

> On April 14, 2015, while still on post-release supervision [for the 2011 conviction], [Kates] pleaded guilty to Kidnapping in the Second Degree in an unrelated matter . . . . He was adjudicated a second violent felony offender based on the aforementioned guilty plea [in 2011] to Attempted Criminal Possession of a Weapon in the Second Degree, and sentenced to a prison term of sixteen years to be followed by five years of post-release supervision . . . . In September 2019, [Kates] challenged that judgment in a habeas petition that . . . . is pending before this Court.

Resp. Aff., ¶ 6, Feb. 4, 2021, ECF No. 13-1 (internal citations to Kates' petition for habeas relief in case number 6:19-cv-6647, also pending before this Court, were omitted).

On August 20, 2020, Kates filed pro se the instant amended habeas petition, challenging his 2011 conviction for attempted criminal possession of a weapon in the second degree. Along with his amended petition, Kates filed several documents related to his 2011 conviction, including the plea hearing and sentencing hearing. Ex. at 10–23, 31–43. On February 4, 2021, Respondent filed a motion to dismiss based on lack of jurisdiction. Kates responded in opposition, supplemented his response, and ultimately filed the motion to consolidate that is also presently before the Court. Resp., Mar. 5, 2021, ECF No. 15; Supp. Resp., Mar. 10, 2021, ECF No. 16; Mot. to Consolidate, Mar. 29, 2021, ECF No. 17.

* * *

. . . [A] federal court does not have jurisdiction to consider a habeas petition if the sentence imposed for the petitioner's conviction has "fully expired" at the time the petition is filed. *Maleng*, 490 U.S. at 492. For the reasons stated above, the Court finds that the sentence imposed for Kates' 2011 conviction was "fully expired" at the time he filed his petition, and hence that he was no longer "in custody" upon the 2011 conviction for habeas purposes.

*Kates*, 2021 WL 1720824 at *1–5.

LEGAL STANDARD

The Court's Decision and Order granting Respondent's motion to dismiss and denying Kates' motion to consolidate cases was filed on April 30, 2021. *Kates*, 2021 WL 1720824 at *1. Kates' motion for reconsideration was dated May 6, 2021, and was docketed on May 12, 2021. ECF No. 21. Therefore, the Court will examine his request under Federal Rule of Civil Procedure 59(e), which authorizes a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.

As the Second Circuit has explained:

> "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

*Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).

DISCUSSION

As Kates has filed this motion for reconsideration *pro se*, it has been liberally construed to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). Kates maintains that the Court's order dismissing his petition was in error under *Garlotte v. Fordice*, 515 U.S. 39 (1995), because his 2011 conviction and 2015 conviction "constituted one single, continuous judgment under that case, and therefore that this court had jurisdiction over [his] habeas petition . . . under that case precedent." Mot. for Recons. at 1. He also argues that the order was in

error because the Supreme Court's ruling in the case of *Lackawanna County Dist.*
*Attorney v. Coss*, 532 U.S. 394 (2001) should not apply adversely against him because
he has a second coram nobis motion pending before the state appellate division. Mot. for
Recons. at 3–4. Kates' arguments fail to "point to controlling decisions or data that the
court overlooked" in its previous decision. *Shrader*, 70 F.3d at 257.

 With respect to his argument pursuant to *Garlotte*, the Court notes that Kates has
already raised the issue with this Court. As the Court noted in its previous decision, Kates
argued in his response to Respondent's motion to dismiss that the vacation of his 2011
conviction would advance the release date on the 2015 convictions, which would permit
his habeas petition to go forward under *Garlotte*. *Kates*, 2021 WL 1720824, at *3 n.2
(W.D.N.Y. Apr. 30, 2021) (citing Kates' Supplemental Response, 5, Mar. 10, 2021, ECF
No. 16). The Court considered the argument, but implicitly rejected it by finding that Kates'
2011 sentence was "fully expired," and that Kates was no longer "in custody" on his 2011
conviction at the time he filed his habeas action.

 Kates' present argument is that the arrest that led to his 2015 conviction triggered
an automatic violation of the post-release supervision ("PSR") he received as part of the
sentence for the 2011 conviction, which violation further extended his sentence to overlap
with the sentence for his 2015 conviction. According to Kates, this created "consecutive
sentences" analogous with those in *Garlotte*. Mot. for Recons. at 2–3. However,
Respondent has represented to the Court that the New York State Department of
Corrections and Community Supervision (DOCCS) Board of Parole has advised that
Kates "has not been the subject of a [PSR] violation in *any* case." Resp. at 3 (emphasis
in the original). Moreover, there is nothing in the record which indicates that Kates "was

ever charged with, much less sentenced for, a [PSR] violation." Resp. at 3. The Court therefore declines to reconsider its finding that Kates' 2011 sentence was "fully expired."

With respect to his argument pursuant to *Lackawanna County Dist. Att'y*, the Court observes that Kates discussed the case at length in his opposition papers to Respondent's motion to dismiss. *See, e.g.,* Resp., 7–12, Mar. 5, 2021, ECF No. 15. The Court thoroughly reviewed Kates' papers at that time, and concluded that it does not have jurisdiction to hear Kates' habeas application regarding his 2011 conviction because Kates was not "in custody" upon that conviction. *Kates*, 2021 WL 1720824 at *4. Kates' present motion does not "point to controlling decisions or data" that would lead the Court to a different conclusion upon reconsideration. In sum, Kates' motion fails to present the Court with any compelling rationale for reconsideration.

CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's application for reconsideration [ECF No. 21] is denied.   The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:     October 4, 2021
           Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge

5